KLEINSCHMIDT, Appellant, vs. ALUMINUM & BRONZE FOUNDRY, INC., Respondent.

*November 8—December 4, 1956.*

For the appellant there was a brief and oral argument by *Joseph F. Studnicka* of Milwaukee.

For the respondent there was a brief by *Adolph I. Mandelker,* attorney, and *John H. Wessel* of counsel, both of Milwaukee, and oral argument by *Mr. Wessel.*

BROWN, J. The action was begun in the civil court of Milwaukee county. Plaintiff's complaint alleged that he had furnished certain articles to defendant valued at $82.40 and had performed an electrical installation and conversion job whose value in labor and materials was $2,383.31. Defendant's answer admitted receiving from plaintiff articles or appliances worth $62.40; and denied that plaintiff's labor and materials expended on installation and conversion were worth more than $1,200 which defendant tendered. The parties agreed to, but did not sign, a stipulation dictated into the record by the trial judge, as follows:

". . . that the Herman Andrae Electrical Company, a recognized electrical contractor in the city of Milwaukee, make a thorough inspection of an electrical conversion and installation job done at the premises known as 1101 Montana avenue, South Milwaukee, on or about June, 1950, to March, 1951, and that said Herman Andrae Electrical Company appraise said work done and materials expended and advise the court of a fair and reasonable charge for the amount of work done and materials used and that said clients will accept the amount designated as a final settlement of said issue."

The Andrae Electrical Company appraised the work, exclusive of the specific articles and appliances furnished, and reported that the labor and material due to the installation was of a reasonable value of $2,205. The civil court interpreted the stipulation as an agreement by the parties to accept Andrae Electrical Company's figure as a settlement of the entire demand of plaintiff's complaint. It held, too, that the claim did not become liquidated until Andrae Elec-

trical Company made its report, May 2, 1955. It allowed no costs, but granted judgment for plaintiff for $2,205 and interest from May 2, 1955.

The plaintiff appealed to the circuit court. That court held that the true value of the installation and conversion job was the only issue covered by the stipulation, and the value of the other items admitted by defendant to cost $62.40 was outside the stipulation. Therefore the circuit court decided that the civil court judgment must be increased by $62.40, and, as so modified, it affirmed the judgment, thereby denying costs and denying interest before May 2, 1955. Plaintiff appeals again.

The only issues presented by the appeal concern interest, costs, and disbursements.

Plaintiff sued for his pay for work performed and materials furnished in installing an electrical system for defendant and also for the sale price of certain articles. Defendant admitted liability in a slightly different amount for the latter items but alleged that plaintiff's charges on the installation job were unreasonable and the work was of such poor quality that defendant was forced to replace some of it. While the civil court must be presumed to have known what the parties intended to stipulate, we can gather their intention only from the words of the stipulation as the civil judge wrote them down. In this interpretation we agree with the circuit court that the *issue* to be settled by the Andrae Electrical Company's appraisal was the reasonable charge for the installation and conversion part of the account, and the charges for the other items, admitted by defendant at $62.40, are not affected by the stipulation. Therefore we affirm the circuit court judgment in so far as it adds $62.40 to the $2,205 reported by Andrae Electrical Company. Respondent does not attack this part by motion to review, or otherwise.

Respecting the disputed item of interest, the parties differ on the question of whether the account is a liquidated claim

which draws interest from the date when payment is demanded, or an unliquidated one which does not. *Laycock v. Parker* (1899), 103 Wis. 161, 79 N. W. 327, contains the able, exhaustive, and definitive discussion of this subject in this state. From it we draw the principle that the interest question depends not so much on whether a disputed claim is liquidated as whether it is liquidable. A review of the entire opinion would be instructive but limitations of space confine us to the significant extract appearing on page 186 of the opinion as quoted with approval by this court in *Necedah Mfg. Corp. v. Juneau County* (1932), 206 Wis. 316, 329, 237 N. W. 277, 240 N. W. 405:

"On appeal this court held that when a breach of contract occurs and a debtor is in default in paying money, or delivering property, or rendering services, and hence liable for pecuniary damages, the amount of which is liquidable, then the creditor is entitled to interest as part of his compensatory damages—regardless of whether it was money or property or services which he was deprived of—from the time payment or performance was due by the terms of the contract, or, if that was not specified, then from the time that demand was made; and if no demand was made prior to the time of the commencement of the action, then from that time. In that connection it was held that the amount of the damages is liquidable if there is a 'reasonably certain standard of measurement by the correct application of which one can ascertain the amount he owes.' In that event 'he should equally be held responsible for making such application correctly, and liable for interest if he does not. . . . If one having a commodity to purchase or certain services to hire, can by inquiry among those familiar with the subject learn approximately the current prices which he would have to pay therefor, a market value can well be said to exist, so that no serious inequity will result from the application of the foregoing rule to those who desire to act justly; especially in view of the other rule of law that a debtor can always stop interest by making and keeping good an unconditional tender, thus giving him a substantial advantage over a creditor, who has no such option.' *Laycock v. Parker, supra,* p. 186."

In the *Necedah* opinion, we continued (p. 330):

"The question as to the recovery of interest on unliquidated demands arose again in *J. I. Case Plow Works v. Niles & Scott Co.* 107 Wis. 9, 82 N. W. 568. That action was brought to recover unliquidated damages for breach of warranty because of the delivery of defective wheels. The court followed the decision in *Laycock v. Parker, supra,* and said that the rule was also applicable to cases sounding in tort.

" 'It is, however, quite well established by the preponderance of authority that there are cases for breach of contract and cases sounding in tort, where the damages are wholly unliquidated, but where they may be fixed by known and reasonably certain market values or other definite standards, where interest is to be allowed from the time of the breach or the commission of the injury. In such cases interest is not allowed *as such,* but simply *as compensation* for the delay, and in order that the plaintiff may be fully remunerated for his injury. In such cases interest is regarded, in the absence of special circumstances showing greater loss, as measuring the proper compensation for the delay which the plaintiff has suffered in waiting for the payment of his damages; the principle being that the plaintiff will not be fully compensated unless he receive, not only the value of the thing lost, but receive it, as nearly as may be, of the date of the loss. Such cases are actions for damages for breach of warranty on the sale of chattels, actions for breach of contract for the delivery of chattels, actions for the wrongful conversion of chattels or for the wrongful destruction of property, and perhaps other actions of similar nature. . . . We are aware that there is some confusion in some of the authorities on this question, but it seems to have arisen from failing to keep in mind the distinction between the allowance of interest *as such,* and the allowance of interest *as compensation* for delay. *Gray v. Central R. Co.* 157 N. Y. 483, 52 N. E. 555.' "

These authorities have been frequently cited in the past by this court but we consider this is an appropriate time to call attention to them again.

To apply their principles to the facts now before us, we conclude that the specific appliances sold and delivered by

plaintiff to defendant were either liquidated or liquidable in at least the amount which defendant admitted it owed for them, $62.40, and interest on that amount from January 1, 1952, should be included in plaintiff's recovery.

The Andrae Electrical Company's appraisal of $2,205 fell short of plaintiff's demand for services and material by only $178.31. It would seem probable, then, that there were fairly definite standards to which defendant might have resorted to determine what it justly owed, thus rendering the claim liquidable. However, this feature is not investigated because we consider plaintiff's stipulation bars him from recovery of interest. Referring to Andrae Electrical Company's estimate, the stipulation said "that said clients will accept the amount designated as a final settlement of said issue." The issue was the reasonable charge for conversion and installation. Having agreed to accept the Andrea Electrical Company's figure as a final settlement agreement of the installation and conversion portion of the bill, we consider plaintiff is bound to such acceptance as of the date of Andrae Electrical Company's report and can have no more by way of additional compensation for the previous delay in payment. Therefore interest on this amount runs only from the date of Andrae Electrical Company's report, as was determined by the civil and the circuit courts.

Both lower courts thought the agreement to accept Andrae Electrical Company's estimate for the principal item of the disputed account eliminated the right of the successful plaintiff to recover costs. We are unable to see how the conclusion follows from this premise. The plaintiff was forced to sue for his money. The action proceeded to judgment whereby he obtained substantial relief. Relative to the facts of this case we find no statutory exception to suspend the operation of sec. 271.01 (1), Stats., which directs:

"Except as otherwise provided in this chapter, costs shall be allowed of course to the plaintiff upon a recovery."

We conclude the refusal to allow them to him in this action was without warrant of law.

*By the Court.*—Judgment modified by the inclusion of interest on $62.40 from January 1, 1952, to the date of judgment and by the allowance to appellant of his trial costs and disbursements. As so modified the judgment is affirmed. Appellant to have his costs on the appeal. Cause remanded for further proceedings according to law and this opinion.