PAPPAS, and another, Respondents, v. JACK O. A. NELSEN AGENCY, INC., and another, Appellants.

*No. 75–699. Submitted on briefs December 1, 1977.—Decided January 3, 1978.*
(Also reported in 260 N.W.2d 721.)

For the appellants the cause was submitted on the briefs of *Joseph D. McDevitt, Terry E. Johnson* and *Borgelt, Powell, Peterson & Frauen, S. C.* of Milwaukee.

For the respondent the cause was submitted on the brief of *John J. Romann* and *Petrie, Stocking, Meixner & Zeisig, S. C.* of Milwaukee.

HANLEY, J. The following issues are raised on appeal:

1. Was the testimony of Andrew Pappas incredible as a matter of law so that the appellants' motions for directed verdict and judgment notwithstanding the verdict should have been granted?

2. Was respondent a third-party beneficiary of an oral contract to procure insurance?

3. Did the trial court err in awarding pre-verdict interest?

4. Should a new trial be granted in the interests of justice?

*Credibility of Witness*

The appellants contend that the trial court erred in denying their motions for directed verdict and judgment notwithstanding the verdict because the testimony of Andrew Pappas was incredible as a matter of law. This argument necessarily depends on the assumption that only by accepting Pappas' version of the events relating to the application for the fire insurance could the jury make the finding that there was an oral contract between Pappas and McMahon to include Marohl Construction as a named insured.

In the majority of cases in which the credibility of evidence is questioned, this court has refused to upset the determination of the fact finder, whether it be the trial court *(Kleinstick v. Daleiden,* 71 Wis.2d 432, 442, 238 N.W.2d 714 (1976)), or the jury *(Bode v. Buchman,* 68 Wis.2d 276, 289, 228 N.W.2d 718 (1975)). This is true even though the witness whose credibility is challenged testified at trial in a manner which was inconsistent with previous statements made during discovery. *Wirsing v. Krzeminski,* 61 Wis.2d 513, 525, 213 N.W.2d 37 (1973).

"Discrepancies in the testimony of a witness do not necessarily render it so incredible that it is unworthy of belief as a matter of law. Testimony may be so confused, inconsistent, or contradictory as to impair credibility as to parts of the testimony without being so incredible that all of it must be rejected as a matter of law. It is the function of the jury to determine where the truth lies in a normal case of confusion, discrepancies, and contradictions in testimony of witnesses." *State ex rel. Brajdic v. Seber,* 53 Wis.2d 446, 450, 193 N.W.2d 43 (1972).

An exception to this general rule is that where physical facts are irrefutably established and permit only one inference, oral testimony in direct conflict with the established physical fact will not support the verdict. *Chart v. General Motors Corporation,* 80 Wis.2d 91, 111–12, 258 N.W.2d 680 (1977) ; *Corning v. Dec Aviation Corp.,* 50 Wis.2d 441, 447–48, 184 N.W.2d 152 (1971). Because it varies from the general rule relating to the province of the jury, this exception applies only under certain strict circumstances. The exception applies only when the physical facts are irrefutably established and permit of but one inference. *Nieman v. American Family Mutual Insurance Co.,* 38 Wis.2d 62, 67, 155 N.W.2d 809 (1968).

In support of their argument that Pappas' testimony is incredible as a matter of law, the appellants list in detail the conflicts between Pappas' testimony at trial on the one hand, and the trial testimony of other witnesses and Pappas' previous inconsistent statements on the other. While it must be conceded that the appellants' efforts in bringing to light these inconsistencies and conflicts demonstrate that the witness' credibility was in very serious doubt, they do not, as a matter of law, render Pappas' testimony incredible and unbelievable.

This is not a situation where the witness' testimony is in conflict with irrefutable physical evidence; rather, it is a situation, like most other cases, where one witness' testimony is internally contradictory on some matters— i.e., Pappas' efforts to obtain insurance, Pappas' negotiations for the purchase of the building, premium payments and cancellation—and in conflict with the testimony of others. This court has held that even when a witness testifies falsely on some material points, the jury is not required (though it is entitled) to disregard all of that witness' testimony. *Estate of Rich,* 26 Wis.2d

86, 88, 131 N.W.2d 909 (1965). Under the facts of this case, we cannot find the testimony of Pappas incredible as a matter of law.

*Third Party Beneficiary*

The plaintiff, Marohl Construction, tried this action as a third-party beneficiary of an oral agreement between Pappas and the Nelsen Agency to procure fire insurance for the premises.

The elements necessary for the maintenance of a third-party beneficiary action were recently discussed by this court in *Schell v. Knickelbein,* 77 Wis.2d 344, 252 N.W. 2d 921 (1977). There, in response to a situation in which the plaintiff sought to maintain a third-party beneficiary action against the defendant's mortgagee who, by the terms of the mortgage, was required to procure homeowner's insurance for the defendant, this court stated:

"To maintain an action as a third party beneficiary, a plaintiff must show that the parties to the contract intentionally entered their agreement 'directly and primarily for his benefit' . . . Saying the same thing in a different way . . . : In order to entitle a stranger to a contract to recover thereon, the contract must indicate an intention to secure some benefit to such third party.'

"A third party cannot maintain an action as a third party beneficiary if under the contract his was only an 'indirect benefit, merely incidental to the contract between the parties.' " *Schell v. Knickelbein, supra* at 348–49.

The precision with which the agreement must indicate that the parties intended to benefit the third party was discussed in *Ampex Corporation v. Sound Institute Inc.,* 44 Wis.2d 674, 683, 172 N.W.2d 170 (1969), where this court cited with approval 2 Williston, *Contracts,* sec. 347 at 796–97 (3rd ed. 1959):

"Before any question as to the rights of third party beneficiaries can arise, it must be established that the

agreement between the parties contains all the elements of an enforceable contract. 'Where a contract for the benefit of a third party exists, such a party is subject to the ordinary rules governing a party to a contract.'

"Thus, consideration is, of course, essential; there must be the intent to contract; and the agreement must in all respects conform to the principles governing the formation of a contract."

The appellants contend that Marohl Construction was not a third-party beneficiary for two reasons: first, Marohl was not intended to benefit from the contract because at the time the negotiations for the fire insurance were conducted, Pappas had no contractual duty to Marohl to procure this type of insurance; and second, there could be no intent to directly benefit Marohl by the acquisition of coverage over the restaurant equipment because Marohl did not have any interest in these items at the time of the negotiations. Both of these arguments go to the specificity with which the contract between Pappas and Nelsen Agency must have intended to secure a benefit to the plaintiff.

The appellants' first contention rests on the theory that a third-party beneficiary contract must directly and specifically intend to benefit a particular third party at the time of the agreement. However, the generally accepted rule is that a third-party need not demonstrate that he, individually, was intended to benefit from the contract; rather, it is sufficient if the third-party demonstrates that he was a member of a class of beneficiaries intended by the parties to benefit from it. 17 Am. Jur.2d, *Contracts* §306 at 732 (1964).

"It is not essential to the creation of a right in a donee beneficiary or in a creditor beneficiary that he be identified when a contract containing the promise is made. However, 'In such cases the facts and circumstances sur-

rounding the transaction [must] show clearly that a particular person (though not named) is the beneficiary.'

" . . .

"And an insurance policy may be issued in favor of an unidentified beneficiary, as, for example, 'whom it may concern.' Other common examples are found in surety contracts and similar agreements for the benefit of persons furnishing labor or materials, creditors, the inhabitants of a community, or employees under a labor agreement." 2 Williston, *Contracts,* §378 (3rd ed 1959).

Thus, the precise identity of the third-party beneficiary need not be ascertainable at the time of the agreement so long as the agreement specifies or identifies a group or class to whom the party must belong to benefit thereby. In the instant case, it should be sufficient if the evidence demonstrates that the parties to the contract intended to benefit a class of persons who had an interest in the restaurant.

This analysis is equally applicable to the appellants' second contention: that Marohl could not be a third-party beneficiary of the contract insofar as it contemplated the coverage of the restaurant equipment because it had no interest in the equipment at the time of the agreement. The requirement that an agreement contemplates the extension of a benefit to a third party may be satisfied in this case when it is shown that the parties intended to benefit the owner of the equipment at the time of loss by the procurement of fire insurance covering such property.

So analyzed, there is evidence which supports the jury's finding that an oral contract to procure fire insurance covering the restaurant and its contents was made between Pappas and Nelsen Agency which contemplated benefiting a class of persons of which Marohl was a member. When Pappas approached Nelsen Agency for the purpose of obtaining the policy in question, he brought with him several previous policies which had

covered the premises. From the information acquired from Pappas, an application for insurance was prepared by McMahon which listed the insureds, "Blue Howell Food, Inc., Marohl Construction, Inc., and Johnny's American Inn, Inc., ATIMA." The application requested building coverage in the amount of $100,000 and personal property coverage in the amount of $60,000. The acronym, "ATIMA," is used in the industry to indicate that persons whose names precede the notation have insurable, though specifically unidentified, interests in the property sought to be covered and are intended to benefit from the insurance contract. Moreover, insofar as the coverage of the building and equipment is concerned, the type of policy which was intended by the parties was one which protected those with an ownership or security interest in the property, and which did not protect the improvements made by a tenant unless a special rider or endorsement to the policy was obtained.

Therefore, we think that the insurance contract in question provided coverage over specific property—real or personal—for the benefit of a class of persons the members of which, in accordance with the practice in the industry did not have to be identified with specificity.

*Pre-verdict Interest*

The appellants contend that the trial court improperly awarded interest on the amount of damages awarded by the jury for the period of time from the date of the fire to the date of the verdict. This contention is based on two grounds: first, that the plaintiff's claim was not a liquidated claim; and second, that the amount of interest was improperly computed.

The decisional law relating to the circumstances under which a trial court may properly award pre-verdict interest to a successful claimant was reviewed by this court in *Wyandotte Chemicals Corp. v. Royal Electric Manufacturing Company, Inc.*, 66 Wis.2d 577, 225 N.W. 2d 648 (1975). After reviewing those cases in which the

propriety of awarding pre-verdict interest had been at issue, this court concluded that in accordance with the concept that interest is recoverable as an element of compensation, pre-verdict interest may be appropriate in cases where the amount of damages is ascertainable as well as those cases involving liquidated damages. *Wyandotte Chemical Corp. v. Royal Electric Manufacturing Company, Inc., supra* at 582.

Several requirements have been set forth by this court for an award of pre-verdict interest. The claim upon which the interest is determined must be either liquidated, or ascertainable by a reasonably certain standard of measurement. *Olguin v. Allstate Insurance Co.,* 71 Wis.2d 160, 168, 237 N.W.2d 694 (1976). Moreover, though the amount claimed is undisputed or ascertainable, there must be no other factors which prevent the withholding party from determining the amount which should be tendered in order to avoid pre-verdict interest. In *City of Franklin v. Badger Ford Truck Sales,* 58 Wis. 2d 641, 207 N.W.2d 866 (1973), prejudgment interest was denied in a suit which was instituted against three defendants, even though the damages claimed was determinable. In *Luber v. Milwaukee County,* 47 Wis.2d 271, 177 N.W.2d 380 (1970), prejudgment interest was denied because the constitutionality of the statute under which the plaintiff's claim was computed was disputed. When there is a real dispute as to the amount of the claim, prejudgment interest is properly denied a successful plaintiff who is awarded only a part of the amount demanded for the reason that the policy of the law is to discourage grossly inflated or overstated claims. *Valiga v. National Food Co.,* 58 Wis.2d 232, 206 N.W.2d 377 (1973); *Congress Bar & Restaurant v. Transamerica Insurance Co.,* 42 Wis.2d 56, 165 N.W.2d 409 (1969). Finally, in *Necedah Manufacturing Corp. v. Juneau County,* 206 Wis. 316, 329, 237 N.W. 277, 240 N.W. 405

(1932), this court stated that a claimant is entitled to prejudgment interest as part of his compensatory damages "from the time payment or performance was due by the terms of the contract, or, if that was not specified, then from the time that demand was made; and if no demand was made prior to the time of the commencement of the action, then from that time." *See, Kleinschmidt v. Aluminum & Bronze Foundry,* 274 Wis. 231, 234, 79 N.W.2d 802 (1956).

Under the above standards we think the trial court erred in granting pre-verdict interest. In this case the amount of damages awarded by the jury exceeded that demanded in the complaint by a considerable sum. The plaintiffs demanded compensatory damages in the amount of $160,000 (for the loss of the building and contents) as well as punitive damages in the amount of $160,000. The jury awarded a total of $128,000 as damages for property losses; 80% of the total compensatory damages claimed. A demand which exceeds the ultimate award by 20% is a substantial variance. The award of pre-verdict interest in this case is improper under the rule of *Congress Bar & Restaurant v. Transamerica Insurance Company, supra.*

*New Trial in Interest of Justice*

Appellants argue that a new trial should be granted in the interest of justice under sec. 251.09, Stats. Our review of the record does not lead us to believe that justice has miscarried or a retrial would probably produce a different result. *Billingsley v. Zickert,* 72 Wis.2d 156, 240 N.W.2d 375 (1976).

*By the Court.*—Judgment modified and, as modified, affirmed.

ABRAHAMSON, J., took no part.