**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**August 23, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2022AP566**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CV455

**IN COURT OF APPEALS**
**DISTRICT II**

KELLY C. MCWILLIAM,

   PLAINTIFF-APPELLANT,

   V.

TRUCK INSURANCE EXCHANGE,

   DEFENDANT-RESPONDENT,

THOMAS BELL,

   DEFENDANT.

---

APPEAL from an order of the circuit court for Ozaukee County: PAUL V. MALLOY, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Kelly C. McWilliam appeals from the circuit court's order granting summary judgment and dismissing her claims against Truck Insurance Exchange (Truck), the insurer of Stonecroft Condominium Association (Stonecroft) in which she owns a unit.  McWilliam argues that the court erred in dismissing the breach of contract and bad-faith claims she brought on her own behalf and as an assignee of Stonecroft's claims against Truck.  We conclude that the circuit court did not err in granting summary judgment.  Accordingly, we affirm.

## BACKGROUND

¶2    This case comes before us on summary judgment; the material facts are not in dispute.

¶3    McWilliam was responsible for a fire that caused nearly $342,000 in damage to Stonecroft common areas after McWilliam or her boyfriend improperly disposed of lit cigarettes.  Stonecroft had a policy with Truck that insured the association's common areas.  After the fire, Stonecroft filed a claim with Truck.  Truck promptly paid Stonecroft's entire claim except for the $2,500 deductible on the policy.  Based on its reading of Stonecroft's bylaws, Truck then filed a subrogation action against McWilliam and her insurer, American Family Mutual Insurance Company.

¶4    The circuit court dismissed the subrogation action, after the case was settled.[1]  The court found that the association's bylaws permitted the insurer to

---

[1] The subrogation action was before the Honorable Joseph W. Voiland.  The summary judgment motion underlying this appeal was granted by the Honorable Paul V. Malloy.

recover from a unit owner only the amounts that were not covered by insurance. This meant that only the $2,500 deductible was recoverable from McWilliam, and the case was settled for that amount. This ruling was not appealed and is not challenged here.

¶5 After the settlement in, and dismissal of, the subrogation action, McWilliam filed suit against Stonecroft. McWilliam agreed to dismiss her claims against Stonecroft in exchange for the assignment of Stonecroft's claims against Truck. McWilliam then filed the action underlying this appeal against Truck. McWilliam sued Truck on her own behalf, alleging that she is an insured, and on behalf of Stonecroft as its assignee.

¶6 Both parties filed a number of motions before the circuit court. The court expressed sympathy toward McWilliam because she was the subject of the subrogation action, but granted Truck's motion for summary judgment on McWilliam's individual claims because McWilliam could not maintain a breach of contract claim because she was not a third-party beneficiary of the insurance contract, and thus, there was no bad faith. However, the court granted McWilliam's motion for declaratory judgment, concluding that the anti-assignment clause in the Truck insurance contract was unenforceable. The court allowed McWilliam to stand in Stonecroft's shoes. The court did not rule on the merits of Stonecroft's claims at that time, however, so Truck filed a second motion for summary judgment seeking dismissal of all remaining claims, which the court granted. The court concluded there was no breach of contract or bad faith by Truck. McWilliam appeals.

**DISCUSSION**

*Governing legal principles*

¶7    We review the circuit court's grant of summary judgment de novo. ***Paskiewicz v. American Fam. Mut. Ins. Co.***, 2013 WI App 92, ¶4, 349 Wis. 2d 515, 834 N.W.2d 866.  Summary judgment is proper where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  ***Pemper v. Hoel***, 2004 WI App 67, ¶4, 271 Wis. 2d 442, 677 N.W.2d 705.

¶8    Interpretation of an insurance policy is a question of law we review de novo. ***Id.***, ¶5.  Insurance policies are contracts, and they should be interpreted as such.  ***Smith v. Atlantic Mut. Ins. Co.***, 155 Wis. 2d 808, 810, 456 N.W.2d 597 (1990).  Our main focus is the language of the policy, which we give "its plain and ordinary meaning as understood by a reasonable person in the position of the insured." *See* ***Wilson Mut. Ins. Co. v. Falk***, 2014 WI 136, ¶23, 360 Wis. 2d 67, 857 N.W.2d 156 (citation omitted).  A construction that gives meaning to every provision of a contract is preferable to an interpretation that leaves part of the policy without meaning.  ***Stanhope v. Brown Cnty.***, 90 Wis. 2d 823, 848-49, 280 N.W.2d 711 (1979).

¶9    McWilliam raises four issues on appeal.  She argues that the circuit court erred in granting summary judgment because:  (1) Truck breached its insurance contract by seeking subrogation against McWilliam; (2) McWilliam is entitled to pursue a bad-faith claim against Truck because she paid fees to Stonecroft as a unit owner; (3) McWilliam is entitled to pursue breach of contract and bad-faith claims against Truck as an assignee of Stonecroft; and (4) issue preclusion applies to McWilliam's status as Truck's insured.  We address each issue in turn below.

*Truck did not breach its insurance contract by seeking subrogation against McWilliam.*

¶10   McWilliam argues that Truck breached a duty to Stonecroft by pursuing a subrogation claim from which it ultimately was unable to recover. However, this argument fails because the Truck policy expressly gave Truck the right to seek subrogation if its insured, Stonecroft, had "rights to recover damages from another[.]" Contrary to McWilliam's statements, there is nothing in the Truck policy establishing a promise that it would only seek recovery if it had knowledge that the suit to recover would be successful. Moreover, although Truck was not ultimately able to recover its claimed damages from McWilliam, Stonecroft had a right pursuant to its bylaws to recover the amount it paid as a deductible. In fact, Stonecroft did recover its deductible as a direct result of the subrogation action, albeit via a settlement with McWilliam's insurer.

¶11   McWilliam suggests that Truck should have known that the circuit court would interpret the bylaws as it did because the bylaws were evaluated by Truck before it brought the subrogation action. Prior to filing the subrogation action, Truck investigated this issue by requesting how Stonecroft interpreted the amended bylaws. After Truck filed suit, the parties offered differing interpretations of the bylaws for the circuit court's consideration because there were two different bylaws governing subrogation rights—one was original to the bylaws and the other was a later amendment. The court adopted McWilliam's interpretation and concluded that the bylaws permitted recovery against a unit owner only for damage amounts that insurance did not cover. The mere fact that the court accepted one interpretation over the other does not make the other interpretation unreasonable. Nor does it mean that Truck's subrogation action was meritless.

¶12 McWilliam also cites the anti-subrogation rule in support of her assertion that Truck breached its insurance contract by seeking subrogation against her as a Stonecroft unit owner. However, as we discuss in the section below, this rule is not applicable to this situation because McWilliam was not an insured under the Truck policy.

¶13 McWilliam argues that the circuit court in the subrogation action "implemented" the anti-subrogation rule. Our review of the record shows that the court did not base its decision on the anti-subrogation rule but rather limited the scope of recovery for the subrogation claim based on its interpretation of the association's bylaws, and nothing in the court's decision held that McWilliam was entitled to a proportion of the payments made to Stonecroft.[2]

¶14 In sum, there is nothing about the underlying subrogation action that caused damage to Stonecroft or reduced any of the payments owed to it by Truck, which were paid in full. We therefore conclude that Truck did not breach its contract by pursuing subrogation against McWilliam.

*McWilliam cannot pursue a breach of contract or bad-faith claim against Truck because she was not an insured under the policy terms.*

¶15 In an argument related to her position on Truck's subrogation action, McWilliam attempts to resurrect her individual claims on appeal by again asserting that she was an "insured" included in Truck's policy covering the Stonecroft common areas. Although she admits that there is no authority under Wisconsin law

---

[2] McWilliam makes a passing reference to reciprocal duties of the insurer and insured in a subrogation action. She appears to argue that by bringing the subrogation action, Truck somehow breached its duty to Stonecroft. However, this argument is undeveloped and unsupported by relevant case law. As such, we decline to address it further. *See State v. Pettit*, 171 Wis. 2d 627, 631, 492 N.W.2d 633 (Ct. App. 1992).

for her position, McWilliam contends that by issuing a policy to Stonecroft, Truck assumed the risk not only to insure the common property of the association, but also to insure each of the individual owners. We disagree.

¶16 Undisputedly, the only named insured under the Truck Policy is Stonecroft. As we now explain, contrary to McWilliam's assertions, there are no provisions in the property coverage that would apply to qualify McWilliam as an insured.

¶17 McWilliam looks to certain policy terms in her attempt to create an insured status for herself. First, she argues that a duty was created because the overall policy Truck issued to Stonecroft is entitled "Condominium Owners Policy." However, the title of a policy package does not create duties and the freestanding phrase is not something on which McWilliam may rely in support of her position. Insurance policies should not be construed based on titles or headings. ***Ott v. All-Star Ins. Co.***, 99 Wis. 2d 635, 645, 299 N.W.2d 839 (1981) (reversing in case where trial and appellate courts interpreted policy based on its title).

¶18 Contrary to what the title might be read to imply, the plain text of the policy itself indicates that Stonecroft is the only insured entitled to coverage. The policy clearly states that "you" is defined as the "named insured" shown in the Declarations, which is Stonecroft. The common elements are the covered property that is insured under this form and any payment is to be made to "you" (the named insured). The Policy specifically notes that only a "named insured" has the right to make a claim for loss or damage for the covered common elements. The Policy also notes that Truck will not pay the "named insured" more than its financial interests in the covered property. Thus, any obligation under the property coverage is directly tied to the "named insured," Stonecroft.

¶19 Despite the clear use of "you" as defined by the policy to mean the "named insured," McWilliam contends that this language is irrelevant to our interpretation of the contract to determine whether McWilliam has individual coverage and Truck has corresponding duties to her regarding the common property. However, as demonstrated above, all property coverage obligations are directly connected to "you" or the entity listed as the "named insured." Further, while the coverage was for the common property, all obligations owed by Truck were to the "named insured," Stonecroft. There is nothing in the policy expanding this definition of insured to include anyone with an ownership interest in the property as a "named insured." Nor is there any policy provision that broadens Truck's contractual obligations to include anyone or any entity other than the "named insured."

¶20 McWilliam next argues that the policy, as written, should be interpreted to include unit owners as insureds because Stonecroft was characterized as an "organization" in the policy rather than a partnership, corporation, or joint venture. However, for the same reasons we reject her argument regarding the title of the policy, we similarly conclude that this label does not somehow transform McWilliam into a "named insured."

¶21 We further find unpersuasive McWilliam's attempts to ignore the Declarations clearly defining the "named insured" as Stonecroft by citing to other policy provisions, including the types of property covered by the policy and obligations of the parties as it relates to claims. These terms do not conflict with the terms of the policy that clearly define who is entitled to coverage in the event of an occurrence such as a fire.

¶22 In sum, McWilliam's arguments regarding the language of the policy call on us to impermissibly rewrite the Truck policy. This we cannot do. *See Danbeck v. American. Fam. Mut. Ins. Co.*, 2001 WI 91, ¶10, 245 Wis. 2d 186, 629 N.W.2d 150 (explaining that "[w]here the language of the policy is plain and unambiguous, we enforce it as written ... to avoid rewriting the contract by construction and imposing contract obligations that the parties did not undertake") (citations omitted). Thus, we conclude that the Truck policy must be enforced as drafted. We decline to usurp the rights of the contracting parties, Truck and Stonecroft, by making McWilliam an insured when the contract demonstrates no intent to do so.

¶23 Having no insured status and, therefore, no contractual relationship with Truck, McWilliam cannot establish her breach of contract claim because she had no contract with Truck. Without a cognizable breach of contract claim, McWilliam's individual bad-faith claim against Truck necessarily fails as well. *See Kranzush v. Badger State Mut. Cas. Co.*, 103 Wis. 2d 56, 73, 307 N.W.2d 256 (1981) (explaining "[t]he insurer's duty of good faith and fair dealing arises from the insurance contract and runs to the insured" and holding that "[n]o such duty can be implied in favor of the claimant from the contract since the claimant is a stranger to the contract and to the fiduciary relationship it signifies").

¶24 McWilliam next argues that because her association fees contributed to insurance premiums on the policy, she should qualify as a third-party beneficiary or a co-insured. McWilliam cites to "the statutory ownership concepts and insurance requirements" of WIS. STAT. ch. 703 (2021-22)[3], and Wisconsin's

---

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

condominium laws, in support of her position. She argues that "[t]he legislature designated the association as the trustee of the unit owners' common property for the purpose and convenience of securing the fire insurance required by § 703.17." We find her arguments unpersuasive.

¶25 First, the fact that Wisconsin condominium statutes require that associations procure property and liability insurance, does not mean that the unit owners are intended third-party beneficiaries. Moreover, McWilliam fails to cite to any language in WIS. STAT. ch. 703, case law, or extrinsic evidence of legislative intent that establishes § 703.17 was created for this purpose. *See **Berna-Mork v. Jones***, 174 Wis. 2d 645, 651, 498 N.W.2d 221 (1993) (construing a worker's compensation statute and explaining that if the statute does not set forth the legislative intent unambiguously, courts rely on judicial construction of the statute to ascertain such intent).

¶26 Pursuant to Wisconsin law, the limited interest that a unit owner has in common property does not make a unit owner a third-party beneficiary. "To maintain an action as a third[-]party beneficiary, a plaintiff must show that the parties to the contract intentionally entered their agreement 'directly and primarily for his [or her] benefit ....'" ***Pappas v. Jack O. A. Nelsen Agency, Inc.***, 81 Wis. 2d 363, 370, 260 N.W.2d 721 (1978) (citation omitted). "A third party cannot maintain an action as a third party beneficiary if under the contract his [or hers] was only an 'indirect benefit, merely incidental to the contract between the parties.'" ***Id.*** (citation omitted).

¶27 Applying these principles, we conclude that McWilliam has failed to establish that she is a third-party beneficiary of Truck's insurance contract or is somehow Stonecroft's co-insured. McWilliam fails to provide evidence in the

record that sufficiently demonstrates that Truck and Stonecroft entered into their contract "directly and primarily for [her] benefit." *See id.* The Truck policy does not incorporate the association's bylaws or any other agreements that would grant McWilliam any benefits under Stonecroft's policy with Truck. The policy clearly was not primarily for the benefit of McWilliam. Her slight interest is not sufficient to convey third-party beneficiary status on her. Absent this claimed third-party beneficiary or co-insured status, McWilliam's individual breach of contract claim fails and her individual bad-faith claim fails along with it. *See **Kranzush***, 103 Wis. 2d at 73.

> *McWilliam's claims against Truck as Stonecroft's assignee fail as a matter of law.*

¶28 Next, McWilliam argues that the circuit court erred in dismissing her claims against Truck as Stonecroft's assignee. She asserts that the assignment she obtained from Stonecroft allows her to pursue her own individual claim arguing that Stonecroft would have an interest in asserting the rights of one of the unit owners that is independent from the true function of the association, which is to act as trustee for the undivided interest of all the unit owners. In the absence of any Wisconsin legal authority on point, McWilliam effectively requests that we create new law, asking us to allow an association standing to bring a claim on behalf of one unit owner against the association's insurer based on a subrogation action brought by the insurer. This court is an error-correcting court and it is not within our purview to create new law. *See **Cook v. Cook***, 208 Wis. 2d 166, 188, 560 N.W.2d 246 (1997) (explaining the court of appeals' "primary function is error correcting").

¶29 Moreover, we find no support in Wisconsin law to allow the type of action that McWilliam asks us to permit. In fact, WIS. STAT. § 703.15 only allows an association to sue on behalf of "all" unit owners. It does not give an association

the authority to sue on behalf of just one unit owner. This makes sense considering that the association represents the undivided interests of all the unit owners for their collective interests in the common elements of the complex. Additionally, WIS. STAT. § 703.24 allows an association to sue an individual unit owner for any violation of the bylaws. Thus, Stonecroft had authority to pursue the amount of its deductible from McWilliam. If an association such as Stonecroft were allowed to seek relief for one unit owner who had been sued by the association's insurer, the association would have a conflict of interest because it may have a duty to seek recovery on behalf of the other unit owners from one unit owner for a breach of its bylaws, including negligently causing damage to common property.

¶30 Finally, and perhaps the easiest way to dispose of McWilliam's arguments regarding the assignment, is the fact that the record fails to support any claim that Truck breached its contract with Stonecroft. Truck promptly paid the full claim made by Stonecroft, less the deductible, and even assisted Stonecroft in recovering its deductible by filing the subrogation action against McWilliam. There is no evidence of any breach and, without a breach of the contract, Stonecroft would also have no grounds to assert a bad-faith claim against Truck. *See **Kranzush***, 103 Wis. 2d at 73. For this reason alone, we conclude that the circuit court properly dismissed the assigned Stonecroft claims against Truck.[4]

---

[4] Because we are affirming the dismissal of the claims McWilliam seeks to assert on behalf of Stonecroft, we need not address the issue of whether the assignment was valid. *See **Sweet v. Berge***, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (noting that we need not address other issues when one is dispositive of the appeal).

12

*There is no issue preclusion because the circuit court in the subrogation action did not reach the issue of whether McWilliam was an insured under the terms of the policy.*

¶31 McWilliam finally argues that the circuit court erred in granting summary judgment on the basis that she was not an insured under the policy. She asserts that the circuit court that dismissed the subrogation action implicitly found that she was insured. She also contends that Truck admitted in a letter to Stonecroft that it owed McWilliam contractual duties. We disagree.

¶32 "Issue preclusion forecloses relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in a prior action and reduced to judgment." *Jensen v. Milwaukee Mut. Ins. Co.*, 204 Wis. 2d 231, 235, 554 N.W.2d 232 (Ct. App. 1996). Contrary to McWilliam's assertion, neither the circuit court held, nor did Truck admit, that Truck owed McWilliam contractual or good-faith duties.

¶33 First, although the circuit court referred to the fire insurance requirement within the bylaws, it did not make any determination that Truck owed a duty to McWilliam. The court based its decision in the subrogation action on the association's bylaws, not on its interpretation of the insurance policy as covering McWilliam as an individual. Second, the letter from Truck to Stonecroft (that McWilliam relies on as an admission of her insured status) simply included an explanation that the deductible was recovered and set out the arguments Truck faced in seeking any additional funds. Thus, there was no judicial finding or party admission in this case and, accordingly, issue preclusion does not apply.

¶34 For the foregoing reasons, we conclude that the circuit court properly granted Truck's motion for summary judgment. Dismissal of all claims against Truck was appropriate.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.