Debra L. Kontowicz, Keith A. Kontowicz,
Scott Kontowicz, Katie Kontowicz by their
Guardian ad Litem, William Cannon,
Plaintiffs-Respondents-Petitioners,

American Family Mutual Insurance Co.,
Involuntary-Plaintiff,

v.

American Standard Insurance Co. of Wisconsin,
Defendant-Appellant,

ABC Insurance Co., Defendant.

Larry Buyatt,
Plaintiff-Respondent-Petitioner,

American Family Mutual Insurance Company,
Involuntary-Plaintiff,

v.

Metropolitan Property and Casualty Insurance
Company and Jason E. Schoessow,
Defendants-Appellants.

Supreme Court

*Nos. 2003AP2177 & 2003AP2534. Decided July 7, 2006.*

2006 WI 90

(Also reported in 718 N.W.2d 111.)

262

¶ 1. PER CURIAM. American Standard Insurance Company, the defendant-appellant, moves the court to clarify or reconsider its decision in *Kontowicz v. American Standard Insurance Co.*, 2006 WI 48, 290 Wis.2d 302, 714 N.W.2d 105, with regard to the portions of that decision addressing the calculation of Wis. Stat. § 628.46 interest. American Standard asserts that the decision contains language as to the accrual date for § 628.46 interest that may be confusing to litigants, lawyers and courts as they apply our *Kontowicz* decision.

¶ 2. We deny American Standard's motion for reconsideration, because it meets none of the criteria for granting such a motion. *See* Wis. S. Ct. IOP II-J (March 16, 2000).

¶ 3. However, in the interest of clarifying our opinion to facilitate its application, we agree to clarify that Wis. Stat. § 628.46 interest begins to run on an

overdue claim 30 days after the claimant provides the statutorily required notice (33 days in situations where the claimant mails the statutorily required notice to the insurer), and in order to so clarify, we withdraw the following words from the last sentence of ¶ 53 in *Kontowicz:* "consistent with the determination of the circuit court, § 628.46." As clarified, the last sentence now provides:

> We, therefore, hold that as of January 8, 2001, the statutory 30–day period after which interest would accrue began running on $238,379.53 of Kontowicz's claim, and on August 2, 2001, the 30 days began to run on the full $500,000 claim.

Footnote 18 explains the rule applicable when service of the notice is made by mail.

¶ 4. Further, we direct the Waukesha County Circuit Court to apply this clarified statement for calculating Wis. Stat. § 628.46 interest on the *Kontowicz* claims.

¶ 5. JON P. WILCOX, J., took no part.