Paul R. DILGER and Linda Dilger,
Plaintiffs-Respondents-Cross-Appellants,†

v.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE
COMPANY, Defendant-Appellant-
Cross-Respondent.†

Court of Appeals

*No. 2014AP1851. Submitted on briefs April 23, 2015.*
*—Decided June 3, 2015.*

2015 WI App 54

(Also reported in 868 N.W.2d 177.)

† Petition for Review denied 9/9/15.

■■■■■■■■■■■■■■■■

411

413

414

On behalf of the defendant-appellant-cross-respondent, the cause was submitted on the briefs of *Donald H. Piper* and *Patrick A. O'Neil* of *Piper, Schmidt & Wirth,* Milwaukee.

On behalf of the plaintiffs-respondents-cross-appellants, the cause was submitted on the briefs of *Edward E. Robinson* and *Sarah F. Kaas* of *Cannon & Dunphy, S.C.,* Brookfield.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J. Insurers in Wisconsin are required by WIS. STAT. § 628.46(1) (2013–14)[1] to "promptly pay every insurance claim" within thirty

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

days after the insurer is furnished a written notice of a covered loss and the amount of the loss. In *Kontowicz v. American Standard Insurance Co.*, 2006 WI 48, 290 Wis. 2d 302, 714 N.W.2d 105, our supreme court concluded that § 628.46 is applicable in the third-party context with the following caveats: (1) "there can be no question of liability on the part of the insured," (2) "the amount of the damages must be in a sum certain amount," and (3) "the claimant must provide written notice of both liability and the sum certain amount owed" to the insurer. *Kontowicz*, 290 Wis. 2d 302, ¶ 2. *Kontowicz* also holds that claims concerning the interest due under § 628.46 may be bifurcated per Wis. Stat. § 805.05(2) when conducive to expedition and economy, for convenience, or to avoid prejudice. *Kontowicz*, 290 Wis. 2d 302, ¶ 49.

¶ 2. This case is the follow-up to *Kontowicz*. Both sides appeal the court's application of the *Kontowicz* caveats. Metropolitan Property and Casualty Insurance Co. argues that liability was debatable and that Paul Dilger's damages were not in a sum certain amount prior to the parties' settlement. The insurer also argues that the court's error in ordering the production of Metropolitan's claim file over its assertions of work product and attorney-client privilege protections invalidated the award of Wis. Stat. § 628.46 interest. Dilger, in contrast, argues that the court erred in the amount of interest awarded, as the court should have utilized an earlier date to calculate interest.

¶ 3. Our analysis and decision are driven by the standard of review applied to the issues. We affirm. The court's award of Wis. Stat. § 628.46 interest as well as the amount of interest awarded were not clearly

erroneous. The court's error in requiring production of the insurer's claim file was harmless.

## Background

¶ 4. Dilger was a police officer for the city of Brookfield. Shortly after midnight on December 11, 2009, Dilger was on duty and walking along West North Avenue in response to a call. Dilger was struck from behind by a vehicle that did not stop. He suffered significant injuries—including traumatic brain injury, significant back injuries, cognitive-linguistic deficits, vertigo, left ACL tear, and vision problems—that forced him to leave his career as a police officer.

¶ 5. During the evening of December 10, 2009, Christine Druecke consumed several alcoholic drinks at a bar with her sister from 7:30 p.m. until a couple of minutes past midnight. Druecke admitted that she was not "perfectly sober" when she left the bar to drive home. As Druecke drove along West North Avenue, she felt "an impact between [her] vehicle and some object." She heard a "thud," which startled her, and the sound of her windshield cracking. After stopping her car for "a couple seconds" and not seeing anything from inside her vehicle, Druecke continued driving home. Druecke turned herself in to the police three days later to be interviewed. Druecke maintained she thought she hit a deer, although she admitted that she did not see a deer. At the time of the accident, Druecke had an automobile policy that provided liability coverage of $500,000 and an umbrella policy with a $1,000,000 limit through Metropolitan.

¶ 6. Dilger filed this action for compensatory damages, punitive damages, and WIS. STAT. § 628.46 interest. The case settled in late January 2013, with

418

Metropolitan paying $1.5 million and Druecke contributing an additional $40,000. The court thereafter dismissed all claims, with the exception of Dilger's claim for § 628.46 interest. The court ultimately awarded Dilger a total of $178,191.78 in § 628.46 interest. Metropolitan appeals the court's decision to award interest, and Dilger appeals the amount awarded.

### *Wisconsin Stat. § 628.46 Interest*

¶ 7. On May 11, 2011, Dilger filed a written claim for $500,000 with Metropolitan pursuant to Wis. Stat. § 628.46, as a "partial demand" upon Druecke's policies. On June 13, 2011, Metropolitan rejected Dilger's demand "on the grounds there are significant questions concerning liability, including whether Christine Druecke's vehicle struck Mr. Dilger, a fact she disputes." This action commenced June 17, 2011.

¶ 8. On September 22, 2011, Druecke pled guilty to hit-and-run causing injury to Dilger in a related criminal case. On January 5, 2012, Druecke was sentenced to jail. On February 14, 2012, Dilger demanded payment of the full $1.5 million of Druecke's insurance policies plus Wis. Stat. § 628.46 interest, referencing Dilger's medical treatment records, past earning losses, and future earning losses totaling between $1.6 million and nearly $1.85 million. As noted above, Metropolitan settled in late January 2013 by paying out its limits of $1.5 million, and Druecke personally paid $40,000. The § 628.46 interest claim remained at issue.

¶ 9. Following briefing and a hearing, the court found that Dilger was owed Wis. Stat. § 628.46 interest. The court determined that Druecke's guilty plea resolved any questions about her liability in causing

Dilger's injuries and that, by the time she was convicted and sentenced, Metropolitan had notice of damages that "were far, far in excess of what was the insurance available under the circumstances." The court tied the interest award to Druecke's sentencing date of January 5, 2012, instead of her guilty plea on September 22, 2011, reasoning that in the intervening period Druecke could have attempted to withdraw her guilty plea and the court would have had to treat that request liberally. Accordingly, the court found that § 628.46 interest began accruing on Dilger's $500,000 "partial demand" (claim of May 11, 2011) on January 5, 2012. The court further found that § 628.46 interest began accruing on Dilger's full $1.5 million claim (claim of February 14, 2012) on March 18, 2012.[2] Altogether, the court ordered Metropolitan to pay $178,191.78 in interest to Dilger.

¶ 10. On appeal, Metropolitan challenges the circuit court's decision to award Wis. Stat. § 628.46 interest, arguing that liability issues persisted even after Druecke's criminal conviction. Dilger cross-appeals the court's calculation of the amount of interest awarded, contending that interest should have begun accruing when Metropolitan denied its pre-suit claim or, alternatively, when Druecke pled guilty to the criminal charge rather than at the sentencing date. We affirm as neither party has demonstrated that the great weight and clear preponderance of the evidence dictates a finding contrary to that of the circuit court.

---

[2] Payment is considered overdue thirty-three days following written notice pursuant to Wis. Stat. § 628.46 and *Kontowicz v. American Standard Insurance Co.*, 2006 WI 48, ¶ 53 n.18, 290 Wis. 2d 302, 714 N.W.2d 105 (thirty days plus three days for service by mail).

¶ 11. A third-party claimant is entitled to WIS. STAT. § 628.46 interest "when there is clear liability, a sum certain owed, and written notice of both." *Kontowicz*, 290 Wis. 2d 302, ¶ 2. The purpose of § 628.46 is to discourage insurance companies from creating unnecessary delays in paying claims and to compensate claimants for the value of the use of their money. *Kontowicz*, 290 Wis. 2d 302, ¶ 47. If the insurer has "reasonable proof" it is not responsible, the statute does not apply. *Id.*, ¶ 48. "Reasonable proof" means that amount of information sufficient to allow a reasonable insurer to conclude that it may not be responsible for payment of a claim. *Id.* "Reasonable proof" of nonresponsibility under § 628.46 is equated with whether the "coverage issue was fairly debatable." *Kontowicz*, 290 Wis. 2d 302, ¶ 48 (citation omitted). If "fairly debatable," then the insurer has the required "proof" of nonresponsibility. *Id.*

¶ 12. Whether an insurer has reasonable proof of nonresponsibility for purposes of WIS. STAT. § 628.46 interest is a question of fact. *Fritsche v. Ford Motor Credit Co.*, 171 Wis. 2d 280, 305–06, 491 N.W.2d 119 (Ct. App. 1992). We will not reverse a circuit court's finding of fact unless it is clearly erroneous. WIS. STAT. § 805.17(2). Under this standard, the "evidence in support of a contrary finding must itself constitute the great weight and clear preponderance of the evidence." *Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 249–50, 274 N.W.2d 647 (1979); *see also Noll v. Dimiceli's, Inc.*, 115 Wis. 2d 641, 643, 340 N.W.2d 575 (Ct. App. 1983) ("clearly erroneous" test may be explained by cases applying the "great weight and clear preponderance" test).

421

¶ 13. Metropolitan contends that even after Druecke pled guilty to the criminal charge of hitting Dilger with her car and leaving the scene of the accident, questions of liability remained in the civil action regarding the degree of negligence that could be ascribed to her. As such, Metropolitan argues that it still had reasonable proof of nonresponsibility for Dilger's claim. Metropolitan points to evidence of Dilger's potential contributory negligence: that he was walking on the roadway in the same direction as traffic, that he failed to wear a reflective vest at night, and that he failed to hear or see the vehicle coming from behind him and jump out of its way.

¶ 14. Dilger, on the other hand, argues that Metropolitan did not have reasonable proof of non-responsibility when it initially denied the claim in June 2011. Dilger points to a June 2011 report by Metropolitan that estimated Druecke's "exposure at: 70% to 100%," which if true, would have made Metropolitan responsible for more than Dilger's request for the $500,000 liability policy limit pending at that time. Alternatively, Dilger asserts that Druecke's guilty plea on September 22, 2011, should have resolved "any lingering doubt regarding Druecke's liability" on Metropolitan's behalf.

¶ 15. While both sides' arguments are viable, we conclude that they do not support a finding contrary to that of the circuit court by "the great weight and clear preponderance" of the evidence. The court found that Dilger had asserted estimates of damages that far exceeded Metropolitan's policy limits, regardless of any potential contributory negligence on Dilger's part, and found that Druecke's guilty plea evidenced that she bore the "vast majority of liability" for Dilger's

injuries. The court also reasoned that Druecke's guilty plea, while significant given her earlier denials of responsibility, did not necessarily lock her into liability as she still had an opportunity to withdraw her plea up until time of sentencing. The court's finding that Metropolitan had reasonable proof of nonresponsibility until the date of Druecke's sentencing is not clearly erroneous.

*Discovery of Metropolitan's Claim File*

¶ 16. Following settlement of Dilger's claim for damages but prior to the court's determination of WIS. STAT. § 628.46 interest, Dilger sought production of Metropolitan's "complete claims file . . . as it existed as of June 13, 2011." Metropolitan refused to produce its claim file, asserting work product and attorney-client privilege protections. Dilger moved to compel discovery of the claim file. The court granted Dilger's motion, finding that the work product and attorney-client privilege protections were "no longer pertinent" to the bifurcated § 628.46 interest proceeding.

¶ 17. Metropolitan produced its claim file, but withheld three documents and sought an in camera inspection by the court and reconsideration of the discovery order on attorney-client privilege grounds. After its in camera review, the court denied Metropolitan's request and ordered the three documents be given to Dilger. In its oral ruling, the court found that the attorney-client privilege did not protect the communications as the communications were made prior to the commencement of litigation and that the privilege did not apply to a bifurcated WIS. STAT. § 628.46 interest proceeding.

¶ 18. On appeal, Metropolitan argues that these rulings constituted error and that, as the interest award was based on these errors, the interest award should be reversed. We agree that the court erred when it ordered Metropolitan to produce its claim file; but the court did not premise its findings for WIS. STAT. § 628.46 interest on any of the information from the claim file, and therefore, the error was harmless. WIS. STAT. § 805.18(2).

¶ 19. Parties to litigation generally "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." WIS. STAT. § 804.01(2)(a). Discovery of materials "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative," including an attorney or an insurer, is available "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and that the party seeking discovery is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Sec. 804.01(2)(c)1. "[M]ental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation" are protected against disclosure. *Id.*

¶ 20. Motions to compel discovery implicate a circuit court's exercise of discretion. *Franzen v. Children's Hosp. of Wis., Inc.*, 169 Wis. 2d 366, 376, 485 N.W.2d 603 (Ct. App. 1992). We will uphold a court's discretionary decision if it "applies the relevant law to facts of record using a process of logical reasoning." *Id.* Basing a decision on an error of law is an erroneous exercise of discretion. *Id.*

¶ 21. The attorney-client privilege applies to communications between the attorney and the client and is "absolute" unless one of the WIS. STAT. § 905.03(4) exceptions applies or unless it has been waived. *Borgwardt v. Redlin*, 196 Wis. 2d 342, 352–53, 538 N.W.2d 581 (Ct. App. 1995). The work product protection against disclosure is qualified by means of WIS. STAT. § 804.01(2)(c). *Borgwardt*, 196 Wis. 2d at 353–54. It applies to documents "prepared in anticipation of litigation" regardless of whether litigation had commenced at the time of their preparation or whether the "litigation" is the proceeding in which the protection is asserted. *Id.* at 354. The circuit court, therefore, erred when it found that the work product and attorney-client privilege protections did not apply either because they were asserted after liability issues had been determined or because the communications occurred prior to the commencement of the case.

¶ 22. Dilger defends the court's discovery order by relying on cases that are inapposite to the facts and legal issues in this case. For example, Dilger points to the plaintiff's reliance on evidence from the claim file in *Kontowicz* to argue that the supreme court has permitted discovery of a claim file to prove a WIS. STAT. § 628.46 interest claim. *Kontowicz*, however, does not address whether a court may order an insurer to produce its claim file over an assertion of work product or attorney-client privilege protection. *Kontowicz* never mentions whether such an order was issued nor whether any privilege was claimed in that case. Voluntary production of the claim file waives any work product or attorney-client protections of its contents. WIS. STAT. §§ 804.01(2)(c)1., 905.03(5).

¶ 23. Dilger also relies on cases involving first-party, bad faith tort claims against insurers where claim files were deemed discoverable. We find this reliance to be misplaced in the context of a third-party claim for interest under Wis. Stat. § 628.46. Section 628.46 "is unrelated to the tort of bad faith and permits the imposition of interest even where bad faith is not present." *Kontowicz*, 290 Wis. 2d 302, ¶ 37 (citation omitted). A plaintiff raising a bad faith tort claim against an insurer must prove two elements: (1) "a reasonable insurer under similar circumstances would [not] have denied, suspended, or delayed payment on the claim" and (2) "the insurer knew or recklessly disregarded that there was no reasonable basis for denying benefits." *Brown v. LIRC*, 2003 WI 142, ¶¶ 24, 26, 267 Wis. 2d 31, 671 N.W.2d 279. The first element is comparable to the "fairly debatable" element that the insurer needs to prove to successfully defend against a claim for § 628.46 interest and is an objective standard. *See Brown*, 267 Wis. 2d 31, ¶ 24. The second element is subjective as it requires proof of the insurer's state of mind. *See Samuels Recycling Co. v. CNA Ins. Cos.*, 223 Wis. 2d 233, 250, 588 N.W.2d 385 (Ct. App. 1998). While a claim file might be discoverable in a bad faith claim against an insurer, where the insurer's knowledge is at issue, the same is not automatically true for a third-party § 628.46 interest claim. *See Brethorst v . Allstate Prop. & Cas. Ins. Co.*, 2011 WI 41, ¶ 75 n.7, 334 Wis. 2d 23, 798 N.W.2d 467 (as the plaintiff in a bad faith tort claim "must show that the insurer did not have a reasonable basis for its actions . . ., internal information that would otherwise be privileged is subject to discovery").

¶ 24. The circuit court therefore made an error of law when it made no findings as to whether material in Metropolitan's claim file had been prepared in anticipation of litigation or whether Dilger had a "substantial need" or any other means to obtain the information, instead determining that neither work product nor attorney-client privilege protections applied to a bifurcated WIS. STAT. § 628.46 proceeding or to prelitigation communications. Metropolitan's claim file is not relevant to Dilger's burden of proof that "there is clear liability, a sum certain owed, and written notice of both." *See Kontowicz*, 290 Wis. 2d 302, ¶ 2. This error was harmless, however, as the court's ultimate determination of the interest award was based on Druecke's conviction and not on any of the information found in the claim file.

■

¶ 25. An error is harmless "unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial." WIS. STAT. § 805.18(2). To reverse, we must find that there is a "reasonable possibility that the error contributed to the outcome of the action or proceeding at issue." *Green v. Smith & Nephew AHP, Inc.*, 2001 WI 109, ¶ 96, 245 Wis. 2d 772, 629 N.W.2d 727.

¶ 26. Metropolitan points to no evidence that was erroneously admitted or considered for purposes of the WIS. STAT. § 628.46 interest claim as a result of the court's discovery order. Instead, Metropolitan argues that we should presume prejudice as the court never specifically stated that it was not relying on protected

information. We reject Metropolitan's argument. All of the court's factual findings that supported its § 628.46 interest decision were based on admissible evidence from outside of the claim file. Even if we were to assume that the court had relied on protected information in its decision, the court's determination "was strongly supported by evidence untainted by error." *Green*, 245 Wis. 2d 772, ¶ 96.

## Conclusion

¶ 27. The court's award of WIS. STAT. § 628.46 interest is affirmed as it is not clearly erroneous. Although the court erred in ordering Metropolitan to produce its claim file without proper consideration of Metropolitan's assertions of work product and attorney-client privilege protection, the error was harmless.

¶ 28. No costs to any party.

*By the Court.*—Judgment affirmed.