# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

| | |
|---|---|
| Case No.: | 2018AP627 |

Complete Title of Case:

> ESTATE OF KEVIN L. PAYETTE, BY ITS PERSONAL
> REPRESENTATIVE, ASSOCIATED TRUST CO., N.A., ALEXIS W.
> PAYETTE AND NATALIE S. PAYETTE, MINORS, BY THEIR GUARDIAN
> AND PARENT, HEATHER PAGEL,
>
>     PLAINTIFFS-RESPONDENTS,
>
> SECURA INSURANCE, A MUTUAL COMPANY,
>
>     INVOLUNTARY-PLAINTIFF,
>
>   V.
>
> DAVID E. MARX AND 1ST AUTO CASUALTY INSURANCE COMPANY,
>
>     DEFENDANTS-APPELLANTS.

| | |
|---|---|
| Opinion Filed: | December 10, 2019 |
| Submitted on Briefs: | |
| Oral Argument: | August 29, 2019 |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Seidl, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendants-appellants, the cause was submitted on the briefs of *Erik L. Fuehrer* and *Kody Garza* of *Gabert, Williams, Konz & Lawrynk, LLP*, Appleton. |

Respondent
ATTORNEYS:       On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Herbert C. Liebmann IV* of *Liebmann & Van Straten Legal Group, LLC*, *Green Bay*.

A nonparty brief was filed by *Lynn R. Laufenberg* of *Gingras, Thomsen & Wachs, S.C.*, Waukesha, and *Edward E. Robinson* of *Cannon & Dunphy, S.C.*, Brookfield, on behalf of the Wisconsin Association for Justice

A nonparty brief was filed by *Ryan J. Walsh* of *Eimer Stahl, LLP* of Madison, on behalf of the Wisconsin Insurance Alliance.

# COURT OF APPEALS
## DECISION
## DATED AND FILED

### December 10, 2019

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No. 2018AP627** | **Cir. Ct. No. 2015CV689** |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS** |

ESTATE OF KEVIN L. PAYETTE, BY ITS PERSONAL REPRESENTATIVE, ASSOCIATED TRUST CO., N.A., ALEXIS W. PAYETTE AND NATALIE S. PAYETTE, MINORS, BY THEIR GUARDIAN AND PARENT, HEATHER PAGEL,

    PLAINTIFFS-RESPONDENTS,

SECURA INSURANCE, A MUTUAL COMPANY,

    INVOLUNTARY-PLAINTIFF,

  V.

DAVID E. MARX AND 1ST AUTO CASUALTY INSURANCE COMPANY,

    DEFENDANTS-APPELLANTS.

---

    APPEAL from a judgment of the circuit court for Brown County: KENDALL M. KELLEY, Judge. *Reversed in part and cause remanded.*

    Before Stark, P.J., Hruz and Seidl, JJ.

¶1 SEIDL, J. In this wrongful death and survival action, David Marx and his insurer, 1st Auto Casualty Insurance Company (collectively, 1st Auto), appeal a judgment awarding prejudgment interest at the rate of 12 percent per year under WIS. STAT. § 628.46 (2015-16)[1] to the Estate of Kevin Payette and Payette's minor children, Alexis and Natalie Payette.[2] Section 628.46(1) requires an insurer to "promptly pay every insurance claim" within thirty days of an insurer being provided "written notice of the fact of a covered loss and of the amount of the loss" unless "the insurer has reasonable proof to establish that the insurer is not responsible for the payment." *Id.*

¶2 In *Kontowicz v. American Standard Insurance Co.*, our supreme court concluded that WIS. STAT. § 628.46 is applicable in the context of, as here, third-party liability claims. *See Kontowicz v. American Standard Ins. Co.*, 2006 WI 48, ¶2, 290 Wis. 2d 302, 714 N.W.2d 105, *clarified on denial of*

---

[1] The circuit court's award of statutory interest at the rate of 12 percent was in accordance with the 2015-16 version of WIS. STAT. § 628.46(1), which was in effect when the jury returned its verdict in this case on October 2, 2017. On April 4, 2018, twenty days before the court entered judgment on that verdict, our legislature adopted 2017 Wis. Act 235 (Act 235), which took effect the following day. Act 235 amended the rate of prejudgment interest due under § 628.46(1) for an insurer's overdue payment from 12 to 7.5 percent per year. *See* Act 235, § 4.

On appeal, neither party addresses this statutory amendment, and they refer solely to the applicable statutory interest rate as being 12 percent per year. Because of the parties' reliance on the former rate—and because we ultimately reverse the court's award of prejudgment interest for reasons unrelated to that rate—all references to WIS. STAT. § 628.46 are to the 2015-16 version of the Wisconsin Statutes. All other references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] In this opinion, the term "the Estate" refers both to the Estate of Kevin Payette itself and, when in relation to arguments and litigation conducted by all plaintiffs-respondents—who shared counsel both in the circuit court and on appeal—to all plaintiffs-respondents. In addition, when referring to Kevin Payette individually we will use his surname. When referring to his minor children, because they share that surname, we will use their first names.

*reconsideration*, 2006 WI 90, ¶3, 293 Wis. 2d 262, 718 N.W.2d 111. However, the **Kontowicz** court limited its "holding to only those situations in which three conditions to trigger the interest are met." **Kontowicz**, 290 Wis. 2d 302, ¶2. Namely, a third-party claimant is entitled to prejudgment interest under § 628.46 where: (1) "there can be no question of liability on the part of the insured"; (2) "the amount of the damages [is] in a sum certain amount"; and (3) "the claimant [provides] written notice of both liability and the sum certain amount owed" to the insurer. **Kontowicz**, 290 Wis. 2d 302, ¶2.

¶3    On appeal, 1st Auto contends the circuit court erred in concluding that the Estate satisfied any of those three conditions. In addition, 1st Auto argues the court erred by concluding that 1st Auto lacked reasonable proof that it would not be responsible for payment of the Estate's claims.

¶4    We confine our analysis to **Kontowicz**'s "sum certain" condition, as we conclude it is the dispositive issue in this appeal. We determine that this condition is not satisfied where a third-party claimant relies upon an assertion of general damages to support a demand that an excess insurer pay a specific amount, and the insurer reasonably concludes it is not certain the amount demanded is the amount it may actually owe the claimant. Such was the case here, as 1st Auto reasonably concluded that it would not ultimately owe the Estate its demanded sum (1st Auto's $1,000,000 policy limit). The reasonableness of 1st Auto's conclusion was confirmed by—but not dependent upon—the fact that a jury ultimately determined that 1st Auto actually owed the Estate only $172,806.42. Accordingly, we reverse the judgment insofar as it awarded WIS. STAT. § 628.46 prejudgment interest on the jury's damages award.

**BACKGROUND**

¶5      On August 24, 2013, at approximately 5:50 p.m., Payette was bicycling in the westbound lane of County Trunk Highway VV in the Town of Seymour.  At the same time, Marx was driving his vehicle in the eastbound lane of County Trunk Highway VV, directly behind a vehicle hauling a horse trailer. Marx then decided to pass the vehicle and horse trailer and, accordingly, moved his vehicle into the westbound lane.  Shortly thereafter, Marx's vehicle struck Payette head-on.  First responders found Payette deceased on the shoulder of the roadway, with his left leg severed.

¶6      At the time of the accident, Marx had an automobile insurance policy with SECURA Insurance, A Mutual Company (Secura), that provided $500,000 in liability coverage.  He also had a personal umbrella insurance policy through 1st Auto that provided $1,000,000 in additional coverage.

¶7      On August 15, 2014, counsel for the Estate sent a summary letter and demand package to 1st Auto.  In its letter, the Estate informed 1st Auto that it was making a "formal demand under [WIS. STAT.] § 628.46" for payment of 1st Auto's "full policy limit [i.e., $1,000,000] immediately."  In support, the summary letter stated that the Estate's "damages are conservatively in the $3,500,000 to $5,000,000 range."

¶8      In its demand package, the Estate addressed Marx's liability, providing several reasons as to why Marx was responsible for the accident.  These reasons included: (1) a Wisconsin Motor Vehicle Accident Report that concluded Marx caused the accident by an "improper overtaking"; (2) a written statement that Marx provided to the Outagamie County Sheriff's Department where he acknowledged that he "did not see [Payette] until the last moment"; and

4

(3) photographs of Marx's vehicle showing that "he had two large stickers on the lower left-corner of his driver's side windshield," in apparent violation of WIS. STAT. § 346.88(3)(a).

¶9      The demand package then addressed the Estate's damages. Specifically, the package listed damages of: (1) $7,806.42 in "Medical Specials/Funeral Expenses"; (2) $1,988,779 in "future damages"[3]; and (3) an unspecified amount of damages for "Conscious Pain and Suffering." The Estate's explanation of its potential damages for conscious pain and suffering stated:

> No one knows how long Mr. Payette survived following impact by Mr. Marx's vehicle. However it is important to note that his most serious injuries were inflicted below his vital organs, and he likely did not die instantly. The undisputable truth is that if Mr. Payette lived for even a few minutes or seconds following impact, those were the longest, most excruciating, and terrifying minutes or seconds of his life.

¶10     One week later, counsel for the Estate sent 1st Auto an e-mail correspondence. In that e-mail, counsel again demanded 1st Auto promptly pay its full policy limit. 1st Auto did not do so, and the Estate filed its complaint in the present action on April 30, 2015.[4]

¶11     On August 1, 2017, 1st Auto made individual settlement offers to Alexis, Natalie and the Estate, pursuant to WIS. STAT. § 807.01. Those offers

---

[3] The Estate calculated this figure by multiplying Payette's median income over the three years prior to his death ($116,987) by seventeen (the number of years until Payette reached the age of sixty-five).

[4] According to the complaint, "[o]n July 1, 2014, Secura tendered its policy limits of $500,000" to the Estate.

were explicitly to settle the Estate's collective claims against 1st Auto, and therefore were extended independently and in addition to the $500,000 already paid to the Estate by Secura. The sum of these settlement offers was $525,000—$10,000 to the Estate and $257,500 each to Alexis and Natalie. The Estate rejected 1st Auto's settlement offers.

¶12    The case proceeded to a six-day jury trial in September and October of 2017. The jury ultimately returned a verdict finding that Marx was negligent in the use of his motor vehicle at or immediately prior to the accident, and that such negligence was the sole cause of Payette's death.[5]

¶13    The jury then awarded the Estate a total of $672,806.42 in damages. That total consisted of: (1) $70,000 in lost inheritance and $75,000 in loss of support to Alexis; (2) $70,000 in lost inheritance and $100,000 in loss of support to Natalie; (3) $350,000 for the loss of Payette's society and companionship jointly to Alexis and Natalie; and (4) $7,806.42 for funeral expenses to the Estate. Due to the $500,000 previously paid to the Estate by Secura, 1st Auto was left owing $172,806.42 to the Estate based on the verdict.

¶14    1st Auto subsequently moved the circuit court for an order denying the Estate prejudgment interest under WIS. STAT. § 628.46. Three days later, the Estate filed its own motion seeking an order granting prejudgment interest.

¶15    Following briefing, the circuit court issued a written decision and order granting the Estate's motion for WIS. STAT. § 628.46 prejudgment interest at

_____

[5] The jury also concluded that Payette was negligent at or immediately prior to the accident, but that such negligence was not a cause of his death.

12 percent per year. As pertinent here, the court determined that the second *Kontowicz* condition was satisfied primarily due to the fact that the Estate initially estimated its total damages at $3,500,000 to $5,000,000 and, based upon this estimate, demanded a specific sum of money—i.e., the 1st Auto policy limit of $1,000,000.

¶16 In reaching this decision, the circuit court rejected 1st Auto's argument that the jury's award, which rendered 1st Auto liable for a sum significantly lower than its policy limit, overcame the certainty of the Estate's demand. The court explained:

> To permit recovery of prejudgment interest only in cases in which a jury verdict equals or exceeds the amount demanded by Plaintiffs in their demand letter pursuant to Wisconsin Statutes section 628.46 would defeat the purpose of the statute, which is to discourage insurance companies from creating unnecessary delays in paying claims owed. An insurance company would have no reason to accept a settlement demand if it only ran the risk of having to pay interest if the judgment was for more than the amount demanded.

Consequently, the court entered a judgment providing that the Estate is "entitled to pre-judgment interest from [1st Auto] at 12% pursuant to WIS. STAT. § 628.46." 1st Auto now appeals.[6]

## DISCUSSION

---

[6] Following the initial briefing, this court held oral argument, and, at our invitation, amicus briefs were later submitted by the Wisconsin Association for Justice and the Wisconsin Insurance Alliance (WIA).

¶17 As a preliminary matter, we observe that we have recently applied differing standards of review to a circuit court's award of WIS. STAT. § 628.46 prejudgment interest to a third-party claimant. *Compare **Dilger v. Metropolitan Prop. & Cas. Ins. Co.**,* 2015 WI App 54, ¶¶10, 12, 364 Wis. 2d 410, 868 N.W.2d 177 (applying a clearly erroneous standard of review) *with **Casper v. American Int'l S. Ins. Co.**,* 2017 WI App 36, ¶15, 376 Wis. 2d 381, 897 N.W.2d 429 (applying a de novo standard of review).[7] Ultimately, however, we need not resolve any tension that exists between ***Dilger*** and ***Casper*** in this appeal.

¶18 This conclusion follows because, for the reasons explained below, the dispositive issue here is whether the circuit court applied the proper legal standard to the facts of this case when it decided that the Estate satisfied ***Kontowicz***'s sum certain condition. Neither party contends that any of the court's factual findings were clearly erroneous, and so we accept all of the court's factual findings. *See **Dilger**,* 364 Wis. 2d 410, ¶12. As "the question of whether the facts fulfill a particular legal standard is a question of law which we decide independently and without deference to the trial court," we therefore apply a de novo standard of review in determining whether the Estate satisfied ***Kontowicz***'s sum certain condition. ***Kersten v. H.C. Prange Co.**,* 186 Wis. 2d 49, 56, 520 N.W.2d 99 (Ct. App. 1994).

---

[7] The ***Casper*** court acknowledged that it was applying a different standard of review than the ***Dilger*** court, and it explained that "[u]nlike ***Dilger***, this case involves a grant of summary judgment, and the parties do not dispute that independent review of the trial court's grant of summary judgment and application of the statute to the facts is appropriate here." ***Casper v. American Int'l S. Ins. Co.**,* 2017 WI App 36, ¶20 n.7, 376 Wis. 2d 381, 897 N.W.2d 429; *see also **Dilger v. Metropolitan Prop. & Cas. Ins. Co.**,* 2015 WI App 54, ¶¶10, 12, 364 Wis. 2d 410, 868 N.W.2d 177.

¶19     Turning to the merits, 1st Auto contends the circuit court erred in awarding the Estate prejudgment interest under WIS. STAT. § 628.46(1).   That statute provides, in pertinent part:

> Unless otherwise provided by law, an insurer shall promptly pay every insurance claim.   A claim shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss *and of the amount of the loss*.   If such written notice is not furnished to the insurer as to the entire claim, any partial amount supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer.   Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after written notice is furnished to the insurer.   Any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer.

*Id.* (emphasis added).

¶20     In order to be entitled to prejudgment interest under WIS. STAT. § 628.46, a third-party claimant must satisfy all three *Kontowicz* conditions set forth above.   *See Kontowicz*, 290 Wis. 2d 302, ¶2.   Here, because we agree with 1st Auto that the Estate's claim failed to satisfy the second *Kontowicz* condition, we focus exclusively on that condition.   *See Miesen v. DOT*, 226 Wis. 2d 298, 309, 594 N.W.2d 821 (Ct. App. 1999) (stating the court of appeals "should decide cases on the narrowest possible grounds").

¶21     Again, the second *Kontowicz* condition requires that to be entitled to prejudgment interest under WIS. STAT. § 628.46, a third-party claimant's "amount of damages must be in a sum certain amount." *Kontowicz*, 290 Wis. 2d 302, ¶48. The parties agree, and we acknowledge, that neither *Kontowicz* nor its progeny set forth a specific test to determine exactly what types of damages a third-party claimant may demand—and with what level of specificity a claimant must demand

them—in order to satisfy this condition. In *Casper*, however, we did hold that a third-party claimant's itemization of past and future special damages is sufficient to satisfy this condition.[8] *See Casper*, 376 Wis. 2d 381, ¶¶24, 28.

¶22     Pursuant to *Casper*, the parties here do not dispute that certain damages identified by the Estate in its written notice constituted a "sum certain" amount of damages. Namely, the parties do not dispute that the $7,806.42 in funeral expenses and the $350,000 awarded to Alexis and Natalie for the loss of Payette's society and companionship are sums certain within the meaning of *Kontowicz*.[9] However, as an umbrella carrier, it is undisputed that 1st Auto did not owe any portion of that combined $357,806.42 in damages to the Estate because Secura's primary policy provided $500,000 in liability coverage.

¶23     Thus, the parties' dispute regarding the sum certain condition centers on the remaining damages that the Estate sought in its August 14, 2014

---

[8] As we explained in *Casper*, "[s]pecial damages are 'those representing the victim's *actual pecuniary losses*[,]' as opposed to general damages, which are those 'not readily susceptible to direct proof or easily estimable,' and include pain and suffering and injury to reputation." *Casper*, 376 Wis. 2d 381, ¶24 n.9 (citation omitted).

[9] We note that a loss of society and companionship claim represents the post-death noneconomic damages portion of a wrongful death claim. *See Phelps v. Physicians Ins. Co. of Wis.*, 2009 WI 74, ¶27, 319 Wis. 2d 1, 768 N.W.2d 615. In this case, it is undisputed that pre-death noneconomic damages (such as damages recoverable in a medical malpractice claim) were not at issue. *See id.* Consequently, because Wisconsin law allows for a maximum recovery of "$350,000 per occurrence in the case of a deceased adult, for loss of society and companionship," the maximum amount of noneconomic damages available to the Estate in its wrongful death claim was $350,000. *See* WIS. STAT. § 895.04(4).

According to the circuit court's written decision awarding the Estate prejudgment interest under WIS. STAT. § 628.46, the "parties agreed prior to judgment that … Alexis and Natalie were jointly entitled" to this full amount. Due to this stipulation—and in the absence of any argument to the contrary on appeal by 1st Auto—we deem the Estate's claim for loss of society and companionship as a sum certain in the amount of $350,000.

demand package. Those damages fell into two categories. First, Payette's Estate sought damages for Payette's conscious pain and suffering.[10] Second, Alexis and Natalie sought to recover the pecuniary losses they suffered as a result of Payette's death.[11]

¶24 In its brief-in-chief, 1st Auto contends that the "amorphous nature" of both of these categories of damages renders them incapable of satisfying ***Kontowicz***'s sum certain condition. 1st Auto reasons that because both types of damages are general damages, which, again, by definition are "not readily susceptible to direct proof or easily estimable," they cannot constitute a sum certain.[12] *See **Casper***, 376 Wis. 2d 381, ¶24 n.9.

¶25 The Estate responds that "[t]o say the demand was not in a sum certain amount makes no sense. The demand was for $1,000,000. That is a sum certain amount." In so arguing, the Estate essentially urges us to accept the circuit court's conclusion that because the Estate "demanded a sum certain from [1st Auto]—the policy limit of $1,000,000—based on Marx's certain liability; the second ***Kontowicz*** condition has therefore been satisfied."

---

[10] Damages for a deceased's conscious pain and suffering are recoverable in a survival action, which "belongs to the estate." *See **Day v. Allstate Indem. Co.***, 2011 WI 24, ¶¶61-63, 332 Wis. 2d 571, 798 N.W.2d 199.

[11] Damages for pecuniary injuries suffered by a deceased's beneficiaries may be sought in a wrongful death action. "Importantly, wrongful death beneficiaries seek recovery not for the injury suffered by the deceased, but rather 'for the loss sustained to the beneficiaries because of the death.'" ***Day***, 332 Wis. 2d 571, ¶62 (citation omitted).

[12] The Estate does not refute 1st Auto's contention that both categories of damages represent general damages. We therefore deem that point conceded for purposes of this appeal. *See **Schlieper v. DNR***, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (unrefuted arguments may be deemed conceded).

¶26　We reject the Estate's interpretation of *Kontowicz*'s sum certain condition—and, by extension, the circuit court's interpretation of that same condition—because it would render the condition largely meaningless. This conclusion follows because if a third-party claimant could always satisfy the sum certain condition by merely demanding the limits of a particular insurance policy, then every claimant could simply demand an insurer pay its policy limits in every claim and thus be entitled to prejudgment interest under WIS. STAT. § 628.46 on any amount ultimately recovered. Stated differently, under the Estate's interpretation, the claimant would be deemed to have satisfied the sum certain condition regardless of whether there was any certainty that such a sum would ultimately be owed to the claimant by the insurer. Such a result would be absurd because, in this regard, it would ignore the fact that the *Kontowicz* decision itself referred to a "sum certain" being "owed," not just demanded. *See Kontowicz*, 290 Wis. 2d 302, ¶2.

¶27　Just as we reject the Estate's broad interpretation of *Kontowicz*'s sum certain condition, so too do we reject 1st Auto's argument that the "amorphous nature" of general damages means that such damages can never satisfy that condition. And indeed, 1st Auto recognizes in its reply brief that such a rigid rule is not tenable, stating that there are cases where "no reasonable jury would return a lesser amount" of general damages than the amount covered by a policy's limits.

¶28　1st Auto's concession is well taken. Even though general damages are, by definition, "not readily susceptible to direct proof or easily estimable,"

there certainly are cases where a third-party claimant can satisfy the sum certain condition based upon a claim for such damages.[13]  Nonetheless, for the following reasons, we agree with 1st Auto that this is not such a case.

¶29    First, in its demand package, the Estate explicitly acknowledged when identifying its potential damages for conscious pain and suffering that "no one" knew "if Mr. Payette lived for even a few minutes or seconds following impact."  As such, not only was there no certainty as to how much a jury would award for Payette's conscious pain and suffering, there was no certainty that a jury would award any such damages at all because it was admittedly unknown if Payette survived for any length of time following the collision with Marx's vehicle.  These uncertainties were borne out by the jury's verdict, which determined the Estate was not, in fact, entitled to any damages for Payette's conscious pain and suffering.

¶30    Second, as to the "future damages" referenced in the demand package, the Estate simply calculated Payette's lost future wages at $1,988,779.  But Payette's lost future wages could not have represented a sum certain 1st Auto owed to the Estate itself, as it is well-established that "[a]n estate may not recover on its own behalf damages for the decedent's pecuniary loss."  ***Weiss v. Regent Props., Ltd.***, 118 Wis. 2d 225, 235, 346 N.W.2d 766 (1984).  Nor could those

---

[13] We need not search far to find support for this statement, as the WIA recognizes in its amicus brief that there are "cases in which an assertion of general damages would [constitute a] 'sum certain owed.'"  Specifically, the WIA identifies two types of cases where general damages may satisfy the sum certain condition: "(1) where the insurer concedes liability for the full [policy] amount or [2] where, as in ***Kontowicz***, there can be no fair debate that the insurer is responsible for damages at least up to the policy limit."  *See **Kontowicz v. American Standard Ins.***, 2006 WI 48, 290 Wis. 2d 302, 714 N.W.2d 105.

wages—standing alone—have represented a sum certain that 1st Auto owed to Alexis and Natalie, as our supreme court has explained that "[w]rongful death beneficiaries are not automatically entitled to recover for pecuniary loss resulting from a parent's wrongful death. It is well established that the survivors must prove their loss." ***Petta v. ABC Ins. Co.***, 2005 WI 18, ¶20, 278 Wis. 2d 251, 692 N.W.2d 639 (citation omitted).

¶31     To prove such loss in this context—that is, an alleged pecuniary loss due to a decedent's loss of earning power—wrongful-death beneficiaries must show not just the amount of the decedent's lost earning power, but the benefit they would have derived from that earning power. ***Day v. Allstate Indem. Co.***, 2011 WI 24, ¶62 n.16, 332 Wis. 2d 571, 798 N.W.2d 199. In this case, critically, the Estate's demand package failed to make such a showing because it did not even attempt to establish what benefit Alexis and Natalie expected to derive from Payette's lost future earnings. As such, we cannot say that the Estate showed that 1st Auto owed it a sum certain when it sent the demand package, because that package was silent on the actual (or, for that matter, even the estimated) amount of Alexis and Natalie's recoverable pecuniary losses.

¶32     Based on the foregoing, we need not look beyond the Estate's demand package itself to conclude that its identified $1,988,779 in "future damages" did not satisfy ***Kontowicz***'s sum certain owed condition. Nonetheless, we note that the jury's verdict irrefutably confirms that it was not certain that 1st Auto owed to the Estate the $1,000,000 sum it demanded in August 2014, as that verdict established that 1st Auto actually owed the Estate only $172,806.42.

¶33     For all these reasons, we conclude that the general damages sought by the Estate in its demand package did not constitute a sum certain that 1st Auto

owed to the Estate within the meaning of **Kontowicz**. Although the Estate clearly demanded that 1st Auto pay a sum certain—its $1,000,000 policy limit—that sum was not reasonably demonstrated to be owed to the Estate by 1st Auto. Rather, 1st Auto reasonably concluded that the total value of the damages it may owe to the Estate was lower than the policy limits demanded. In other words, 1st Auto reasonably concluded it was not certain that it would owe the Estate the sum demanded.

¶34 In reaching our conclusion, we are mindful of the purpose underlying WIS. STAT. § 628.46—namely, "to discourage insurance companies from creating unnecessary delays in paying claims owed." **Kontowicz**, 290 Wis. 2d 302, ¶47. That purpose would not be furthered, however, by a conclusion that the Estate satisfied the sum certain condition in this case.

¶35 To explain, there was unquestionably a delay from the time the Estate first demanded that 1st Auto pay its policy limits, in August 2014, until the jury returned its verdict in October 2017. But we perceive nothing unreasonable about that delay because—for the reasons explained above—1st Auto, a third-party excess liability insurer, could reasonably conclude it was not certain it would ultimately owe the amount that the Estate demanded prior to trial. Resolving that uncertainty via litigation was not an unnecessary delay—indeed, there are unquestionably occasions where a plaintiff's "amount of damages [are] not ascertainable or determinable prior to judicial determination" and litigation is therefore necessary. *See **Klug & Smith Co. v. Sommer***, 83 Wis. 2d 378, 384, 265 N.W.2d 269 (1978). Our conclusion that this case presented one such occasion when damages were not certain prior to trial is further underscored by the fact that the amount the jury awarded the Estate was $352,193.58 less than the $525,000 1st Auto offered to settle the Estate's claims prior to trial.

15

¶36   The Estate makes two additional arguments in support of its argument that it satisfied the sum certain condition.  First, it points to our decision in *Fritsche v. Ford Motor Credit Co.*, 171 Wis. 2d 280, 491 N.W.2d 119 (Ct. App. 1992).  In that case, the insured and his wife made a first-party claim against their automobile liability insurer.  *Id.* at 287.  The insured's policy "included uninsured motorist coverage, and showed a liability limit for this coverage of $25,000."  *Id.*  The parties disagreed as to whether the insured's damages would exceed that limit.  *Id.* at 307 n.8.  Ultimately, the matter proceeded to trial, where a jury "found damages of about $120,000."  *Id.*

¶37   On appeal, the insurer argued that an award of prejudgment interest under WIS. STAT. § 628.46 was not warranted because the insured's claim "involve[d] nebulous damages such as pain and suffering and future loss of earning capacity, [and therefore] it [was] not possible to value the claim." *Fritsche*, 171 Wis. 2d at 306.  We rejected that argument, stating:

> It may be that the risk of mis-evaluation outweighs the risk of paying [§ 628.46] interest.  But [the insurer] has had the use of $25,000 which became owing to the [insured] as a result of an accident which occurred October 11, 1985.  Presumably, [the insurer] has received a return on that amount since then.  We see nothing illogical in interpreting a broad statute to require [the insurer] to pay for the use of $25,000 from the date by which it had received evidence of the loss equivalent to a proof of loss.

*Id.* at 307.

¶38   Based upon this language, the Estate argues that "when an insurance company makes the decision to withhold payment, it exposes itself to liability for interest under WIS. STAT. § 628.46."  We are not persuaded, as the Estate reads *Fritsche*, a first-party insurance case, too broadly.  In particular, the Estate

overlooks the fact that, here, 1st Auto did not misevaluate the Estate's claims. To the contrary, 1st Auto correctly forecasted that a jury would not ultimately find it owed the Estate damages equal to or in excess of its policy limits, especially when considering the $500,000 previously paid by Secura.

¶39     Second, the Estate argues that because WIS. STAT. § 628.46 refers to "any partial amount supported by written notice" being eligible for an award of prejudgment interest, the jury's award—although far below their demanded sum— can still constitute a sum certain. We reject this argument for much the same reasons we rejected the Estate's primary argument. That is, it would render *Kontowicz*'s sum certain condition meaningless because a claimant could always demand payment of an insurer's policy limits and then claim that any lesser amount ultimately awarded was a partial amount supported by written notice.[14]

¶40     Moreover, the Estate's argument fails to account for the fact that the *Kontowicz* court expressly "limit[ed]" its holding that WIS. STAT. § 628.46 interest was available to third-party claimants "to only those situations in which" the three conditions set forth above are met. *Kontowicz*, 290 Wis. 2d 302, ¶55. In other words, the "conditions [*Kontowicz*] impose[d] raised the bar" for third-party claimants. *Casper*, 376 Wis. 2d 381, ¶18. As discussed at length, a jury award for a portion of the sum certain demand for 1st Auto's policy limits is not a partial amount "owed" at the time of the demand, nor is it supported by written notice as

---

[14] We note that our analysis in this opinion is consistent with this statutory language in that we have treated the Estate's claims for funeral expenses and loss of society and companionship as partial amounts supported by written notice. The Estate is not entitled to prejudgment interest under WIS. STAT. § 628.46 on those claims, however, as it makes no argument that Secura failed to timely pay them.

17

is also required by the statute and ***Kontowicz***. *See **Kontowicz***, 290 Wis. 2d 302, ¶55; sec. 628.46. Thus, we conclude that the Estate's claim failed to clear this higher bar. Accordingly, we reverse the judgment insofar as it awarded § 628.46 prejudgment interest on the jury's damages award and affirm the judgment in all other respects.

*By the Court.*—Judgment reversed in part and cause remanded.